UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO:

EDGAR AYALA,

    Plaintiff,

v.

V.CIBO, INC., a Florida profit corporation,
MICHELLE AGRI, an individual, JONATHAN
S. AGRI, an individual, and PAMELA PILLION,
an individual,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND JURY TRIAL DEMANDED

Plaintiff, EDGAR AYALA ("AYALA") by and through his undersigned attorney, files this, his Complaint for Damages against Defendants, V.CIBO, INC., (hereinafter "V.CIBO"), MICHELE AGRI, an individual, (hereinafter "M. AGRI"), JONATHAN S. AGRI, an individual, (hereinafter "J. AGRI") and PAMELA PILLION, an individual, (hereinafter "PILLION"), and states as follows:

### INTRODUCTION

1. This is an action to recover unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"). The Plaintiff, AYALA also alleges the Defendants willfully filed fraudulent information returns in violation of 26 U.S.C. §7434.

**JURISDICTION**

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendant, V.CIBO was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, the corporate Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Defendants, V.CIBO, M. AGRI, J. AGRI and PILLION, operated a restaurant. Plaintiff, AYALA's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. This included food, drink, and other related restaurant equipment.

4. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

5. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Middle District of Florida.

6. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Middle District of Florida.

**VENUE**

7. The venue of this Court over this controversy is based upon the following:

    a. The unlawful employment practices alleged below occurred and/or were committed in the Middle District of Florida

and,

    b.    Defendants were and continue to be a corporation and an individual doing business within this judicial district.

## PARTIES

8. At all times material hereto, Plaintiff, AYALA was an "employee" of the Defendants within the meaning of the FLSA.

9. At all times material hereto, corporate Defendant, V.CIBO was conducting business in Redington Shore, Pinellas County, Florida.

10. At all times material hereto, Defendants, V.CIBO, M. AGRI, J. AGRI and PILLION were the employers of Plaintiff, AYALA.

11. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

12. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff, AYALA his lawfully earned wages in conformance with the FLSA.

13. Defendants committed a willful, malicious and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

14. At all times material hereto, corporate Defendant, V.CIBO was an "enterprise engaged in commerce" within the meaning of the FLSA.

15. At all times material hereto, the work performed by Plaintiff, AYALA was directly essential to the business performed by Defendants, V.CIBO, M. AGRI, J. AGRI and PILLION.

16. Plaintiff, AYALA has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

17. From or about September 5, 2018 to October 31, 2019, Plaintiff, AYALA was employed by the Defendants as a line cook at the Defendants' restaurant.

18. Defendants knowingly and willfully operated their business with a policy of not paying overtime wages in conformance with the applicable law, to the Plaintiff, AYALA, when he worked in excess of 40 hours per week.

19. Defendants, M. AGRI, J. AGRI and PILLION were supervisors and/or manager/owners who were involved in the day-to-day operations and/or were directly responsible for the supervision of Plaintiff, AYALA.  Therefore, they are personally liable for the FLSA violations.

20. Defendants, M. AGRI, J. AGRI and PILLION were directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff, AYALA.

21. Plaintiff, AYALA has retained Bober & Bober, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

22. Plaintiff, AYALA repeats and realleges Paragraphs 1 through 21 as if fully set forth herein.

23. Plaintiff, AYALA's employment with the Defendants was to consist of a normal work week for which he should have received time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

24. During Plaintiff, AYALA's employment, Plaintiff, AYALA worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half for all of his hours.  Plaintiff, AYALA was entitled to be paid at the rate of time and one-half for all of his hours worked in excess of the maximum hours provided for in the FLSA.

25.  Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, AYALA at the statutory rate of time and one-half for all the hours he worked in excess of forty (40) hours per week when they knew or should have known such was due.

26. Defendants failed to properly disclose or apprise Plaintiff, AYALA of his rights under the FLSA.

27. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, AYALA is entitled to liquidated damages pursuant to the FLSA.

28. Due to the willful and unlawful actions of the Defendants, Plaintiff, AYALA has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

29.  Plaintiff, AYALA is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, AYALA respectfully requests that judgment be entered in his favor against the Defendants:

    a.    Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207;

    b.    Awarding Plaintiff, AYALA overtime compensation in the amount calculated;

    c.    Awarding Plaintiff, AYALA liquidated damages in the amount calculated;

    d.    Awarding Plaintiff, AYALA reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e.    Awarding Plaintiff, AYALA post-judgment interest; and

    f.    Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff, AYALA demands trial by jury on all issues so triable as of right by jury.

December 20, 2019.

        Respectfully submitted,

        BOBER & BOBER, P.A.
        Attorneys for Plaintiff
        2699 Stirling Road, Suite-A304
        Hollywood, FL 33312
        Phone: (954) 922-2298
        Fax: (954) 922-5455
        peter@boberlaw.com
        By: /s/. *Peter J. Bober, Esq.*
            FBN:  0122955